Kaplan, Mitchell H., J.
This case is before the court on the defendants’ motion to dismiss the complaint for *370 failure to state a claim on which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6). After that motion was served and filed pursuant to Superior Court Rule 9A, plaintiff filed a request for leave to supplement its opposition, which simultaneously included the supplementary material. Defendants then filed a motion to strike the supplementary materials and for sanctions. For the reasons described below, the motions to dismiss and to strike are ALLOWED, but the request for sanctions is DENIED.

FACTS

The relevant factual allegations may be stated summarily. The plaintiff, Maverick Construction Management Services, Inc. (Maverick), entered into a construction contract with the defendant Bristol County Commissioners, care of the Bristol County Sheriffs Office (collectively “Bristol”), to perform site preparation and site work for a detention facility to be constructed for Bristol County.[2] The contract was a standard form of ALA agreement between an owner and a contractor for construction projects of limited scope. It contained a broad binding arbitration provision, which states, in relevant part, that “(cjlaims, disputes and other matters in question arising out of or relating to the Contract that are not resolved by mediation,. .. shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.”
A dispute arose between the parties regarding Maverick’s performance. The dispute was submitted to arbitration, as required by the contract. On August 8, 2008, an arbitrator entered an award in favor of Maverick in the amount of $278,099.94. Bristol has paid the award.
That would appear to have resolved the parties’ dispute, but Maverick (perhaps influenced by its choice of corporate moniker) believed otherwise. “Maverick now seeks damages denied to it in the amount of $231,959.04, which consists of $120,780.22 for legal fees and arbitration costs, $84,800 in additional expenses and costs and $26,378.82 in business financing losses as a result of willful violations by the Defendants of M.G.L.c. 149, §29.” See introductory paragraph to Verified Complaint. Maverick also contends that it is entitled to treble damages against Bristol for violation of Chapter 93A.

DISCUSSION

The legal standards to be applied in considering a Rule 12(b)(6) motion are well settled and need not be repeated here. Moreover, as will be seen, the shortcomings evident in Maverick’s complaint do not turn on factual allegations, but rather on the legal theory, or lack thereof, on which the claims are constructed.
In Drywall Systems, Inc. v. ZVI Construction Co., Inc., 51 Mass.App.Ct. 353 (2001), the Appeals Court held that a broad arbitration clause in a construction contract, nearly identical to the one contained in the parties’ contract in this case, required arbitration of all claims arising out of the construction project, including Chapter 93A claims, and the arbitrator was authorized to award treble damages, if he/she chose to do so: “commercial parties regularly choose arbitrators from among persons familiar with the issues, standards, and workings of the field of commerce from which the dispute derives, who are as competent as judges to recognize punishable conduct.” Id. at 362-63. The Appeals Court did note that even if a Chapter 93A violation was found by the arbitrators, legal fees incurred in the arbitration could not be awarded unless the contract in question authorized their award. Id. at 364.
In the present case, the complaint suggests that the damages Maverick now asks this court to award were actually requested in the arbitration and rejected by the arbitrator. But whether requested or not in the course of the arbitration, such claims for additional damages are undeniably claims arising out of or relating to the construction contract and therefore subject to arbitration under the broad arbitration clause to which the parties agreed. They cannot serve as the predicate for a separate, collateral proceeding in this court.
The court next addresses Maverick’s imaginative contention that Bristol has violated G.L.c. 149, §29, and, therefore, it is entitled to seek the damages denied it by the arbitrator, trebled, in the Superior Court. The court has some difficulty in doing this, as it finds Maverick’s arguments impenetrable. As the court understands them, Maverick alleges that it is a site construction contractor and, as such, generally works as a subcontractor on a project. However, in this case, Bristol chose to enter into separate general contracts for the site preparation work and the construction of the detention facility itself. Maverick contends that G.L.c. 30, §39F and G.L.c. 149, §29 forbid this. Notwithstanding its best efforts, the court simply cannot follow Maverick’s argument as to how these statutes preclude Bristol from dividing the project into two general contracts. It finds nothing in either statute even arguably suggesting such a restriction. The court further notes that Maverick conceded at oral argument that it was awarded the site preparation contract for the detention facility after competitive public bids and knew that it was bidding for a general contract, not a subcontract.
The court is further befuddled by Maverick’s argument that, if it had done its site preparation work on the detention facility project as a subcontractor, rather than a general contractor, under G.L.c. 149, §29, it would be entitled to the additional damages it now seeks, and it could recover them outside of arbitration. §29 requires that contractors who contract with the Commonwealth or a broad array of other “public *371 instrumentalities,” such as Bristol, “obtain security by bond in an amount not less than one half of the total contract price, for payment by the contractor . . . for labor performed or furnished and materials used or employed therein” (subject to certain limitations not relevant to this case). Although not terribly clear, Maverick seemingly suggests that, if it was a subcontractor, and its dispute was with a general contractor, rather than the owner, Bristol, it would be entitled to recover these additional damages. As the court understands Maverick’s argument, if it were a subcontractor, it could make claim on the bond, and §29 provides for recovery of legal fees (although not the other damages that Maverick demands in this case) when legal proceedings to recover against the surety bond are required.
If that is Maverick’s argument, it was expressly addressed and rejected many years ago in Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91 (1980). In Floors, plaintiff was a subcontractor of the defendant general contractor on a project to build a public high school. A dispute arose as to how much plaintiff was due for its work. Plaintiff filed suit in Superior Court seeking recovery on the bond; however, the underlying dispute between the parties was covered by an arbitration clause, again substantially identical to the arbitration clause in the instant case. The dispute was litigated under the contractually mandated arbitration procedures and an award issued in favor of the plaintiff subcontractor. The subcontractor then asked the Superior Court to award it the attorneys fees that it incurred in arbitrating the dispute, claiming that it was entitled to them pursuant to §149. The Supreme Judicial Court rejected the subcontractor’s claim for attorneys fees. “An arbitration award handed down pursuant to proper procedures and properly confirmed is binding on the parties and provides the measure of recovery on all claims properly within the submission . .. While subcontractors are free to file actions under c. 149, §29, at any time allowed by that statute, the ‘provision’ which requires resort to the ‘provisional’ remedy is the necessity of obtaining recovery on a confirmed award from a contractor’s statutory bond. The simple expedient of filing such an action does not change the necessity of arbitrating a dispute where arbitration has been agreed to . . . Legal fees incurred while arbitrating or acting to confirm, modify, vacate or correct an award are simply not the direct result of the right of action created by c. 149, §29, even though such arbitration proceedings may settle the underlying dispute and render unnecessary further pursuit of the action under c. 149, §29.” (Internal citations omitted.) Id. at 99-100. That is exactly what happened in this case. After the arbitrator awarded Maverick some, although not all, of the damages that it claimed, Bristol paid the award. Maverick suffered no loss of any nature because of the absence of a surety bond.

THE MOTION TO STRIKE AND FOR SANCTIONS

Well after the Rule 9A package on Bristol’s motion to dismiss was filed with the court, Maverick submitted: “Plaintiffs Request for Leave to Supplement Its Opposition to the Defendants’ Motion to Dismiss Pursuant to Mass.R.Civ.P. 12(b)(6).” The “request” actually incorporated the supplementation, which consisted of three newspaper articles that discussed the detention facility and the budgetary problems confronting the Sheriffs office and Maverick’s argument as to what might be inferred from those articles. The request also argued that the Sheriff received some financial benefit from the detention facility that he would not have received had Maverick been a subcontractor rather than a general contractor on the construction project. The supplemental material is vague as to what this benefit might be.
Clearly, newspaper articles can never inform a court’s decision on whether a complaint states a claim on which relief can be granted. The substance of the articles submitted also does not support an argument that the Sheriffs office improperly profited from the detention facility, let alone that the Sheriff did. More fundamentally, such an argument has no bearing on whether the construction contract that Maverick signed was consistent with statutory requirements or whether it was breached. The motion to strike this supplemental material therefore is well taken. The representations in Maverick’s supplemental pleading regarding what can be inferred from the articles, while inappropriate, are, nonetheless, tempered by the fact that the articles are attached and the reader can, therefore, determine what they actually say. While the court finds Maverick’s claim — that it may recover as damages in this case the damages rejected in the arbitration — lacking in legal support or logic, perhaps it can be seen as an aggressive, if unconvincing, attempt to expand the law. The court therefore declines to award sanctions.

ORDER

For the foregoing reasons, the defendants’ motions to dismiss and to strike are ALLOWED, but the request for sanctions is DENIED. Judgment shall enter dismissing the complaint.

The contract was referenced, but not attached to the complaint. However, defendants attached it to their memorandum in support of their motion to dismiss. The court may consider the contract without converting the motion to dismiss into a motion for summary judgment. See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004).